UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

William Spencer &
Spencer Brothers LLC

     v.

U.S. Department of
Transportation, et al.

Civil No. 23-cv-227-LM
Opinion No. 2024 DNH 058 P

**O R D E R**

Plaintiffs William Spencer ("William") and Spencer Brothers LLC ("Spencer Brothers") bring a malicious prosecution claim against a group of both federal and state officials, and a federal agency.[1] The federal defendants are the U.S. Department of Transportation ("DOT"); two DOT employees (Attorney Cynthia Campise and Officer Todd Damiani); and three employees of the Federal Motor Carriers Safety Administration ("FMCSA") (Steve Piwowarski, Douglas Wood, and Christopher Gray). The state defendants are three current and former New Hampshire State Police ("NHSP") employees (Trooper Michael Doran, Sergeant William Burke, retired Trooper Steven Kace) and a New Hampshire Department of Safety automotive inspector (Kenneth Chaput).[2] All individual defendants are sued only in their official capacities.

---

[1] The court refers to William Spencer by his first name to avoid confusion with Spencer Brothers.

[2] David Hilts is named in the complaint, but plaintiffs concede he should be dismissed from the case.

The federal defendants move to dismiss under Rule 12(b)(1), arguing that the court lacks subject-matter jurisdiction. See doc. no. 19. The state defendants move to dismiss under Rule 12(b)(6) on the ground that plaintiffs fail to state a cognizable claim. See doc. no. 20. For the following reasons, the court grants both motions.

## STANDARDS OF REVIEW

I.   Rule 12(b)(1)

A motion under Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may raise either a facial challenge (where the moving party asserts that the complainant's allegations are insufficient on their face to state a basis for federal jurisdiction) or a factual challenge (where the moving party argues that the court lacks jurisdiction as a matter of fact). See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 & n.8 (1st Cir. 2007) (citations omitted). Where the challenge is facial, the court presumes the truth of the jurisdictional facts alleged in the complaint. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). Where the challenge is factual, "there is no presumption of truthfulness attached to the plaintiff's allegations, and plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence." 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed.); see also Torres-Negron, 504 F.3d at 163.

The federal defendants bring a factual 12(b)(1) challenge. When considering a factual challenge to its subject-matter jurisdiction, the court may consider and

2

weigh evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.³ See Torres-Negron, 504 F.3d at 163.

II.     Rule 12(b)(6)

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68, 71 (1st Cir. 2014) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

## BACKGROUND

Plaintiffs have a history of prior litigation before this court involving the same underlying dispute and the identical set of defendants. See Spencer v. Doran, No. 18-cv-1191-LM ("Spencer I"). In prior orders, the court outlined the underlying factual background of the dispute. See Spencer I, 560 F. Supp. 3d 648, 651-56

---

³ But where jurisdiction is so intertwined with the substantive merits of the claims that they must be determined together, the court should decide the jurisdictional question under the standard applicable to a motion for summary judgment. See Torres-Negron v. J & N Records, LLC, 504 F.3d 162, 163 (1st Cir. 2007) (citing Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005)). That is not the case here.

(D.N.H. 2021) (granting federal defendants' motion to dismiss); Spencer I, No. 18-cv-1191-LM, 2020 WL 4904826, at *10, *13 (D.N.H. Aug. 20, 2020) (granting state defendants' motion to dismiss). Because the underlying factual allegations (and named defendants) here overlap significantly with those in Spencer I, the court repeats only those facts necessary to decide the motions in this case.[4]

Spencer Brothers is a New Hampshire company in the business of cleaning and disposing of various tanks, including oil tanks. William works for Spencer Brothers as its only driver. On April 29, 2016, William was pulled over by Trooper Doran while driving a company truck. In a hostile encounter, Trooper Doran accused William of transporting hazardous materials and of improperly operating a commercial vehicle. Trooper Doran issued William a ticket and ordered the company's truck out of service.

Plaintiffs allege that, following that traffic stop, defendants engaged in a series of actions designed to injure and harass plaintiffs. Of note, plaintiffs claim that certain of the state defendants successfully urged FMCSA to investigate plaintiffs. In August 2016, following that investigation, FMCSA initiated civil penalty proceedings against Spencer Brothers, filed a Notice of Claim, and ordered the company's vehicles out of service. Plaintiffs denied the hazardous materials

---

[4] On November 16, 2022, plaintiffs filed a complaint nearly identical to this one (against the same defendants) in Belknap County Superior Court, which the federal defendants removed to this court on January 17, 2023. Spencer v. U.S. Dep't of Transp., No. 23-cv-00022-JL ("Spencer II"). Like this case, the complaint in Spencer II alleged only a single claim (malicious prosecution) against all defendants. After all defendants moved to dismiss that case, plaintiffs voluntarily dismissed it on February 21, 2023. Plaintiffs filed the instant case on April 10, 2023.

violations and prepared to contest them at a hearing. Because of the COVID-19 pandemic, the parties delayed depositions of the key witnesses until September 2021. On September 9, 2021, on the eve of those depositions, FMCSA voluntarily withdrew the civil penalty action against plaintiffs. Plaintiffs were surprised and disappointed by the sudden withdrawal of the action, as they anticipated they would be vindicated at a hearing. Plaintiffs allege that the withdrawal of the Notice of Claim, on the eve of the depositions of key individuals in the case, reveals the baselessness of defendants' pursuit of the case against them.

    Following the traffic stop and throughout the FMCSA proceedings, William voiced complaints to individual defendants about the hostility and harassment directed towards plaintiffs. William asked FMCSA's Piwowarski to lift FMCSA's order on the company vehicles, but Piwowarski refused. William also told FMCSA's Campise that the proceedings were premised on false statements. In addition to these repeated oral complaints, William filed written complaints (regarding the April 29, 2016 traffic stop and the resulting investigation) with the following agencies: the Federal Bureau of Investigation; the NHSP Internal Affairs Department; Governor Sununu's Office of Citizen Services; and New Hampshire's Office of the Attorney General. After FMCSA officials dismissed the case against them, plaintiffs never filed any sort of formal complaint with DOT or FMCSA, or any other federal agency. However, plaintiffs claim they "informed the defendants by mail of [their] intent to sue." Doc. no. 1 ¶ 175.

5

In their complaint, plaintiffs assert one count of malicious prosecution against all defendants. They allege that all defendants conspired to bring the FMCSA penalties against plaintiffs. They further allege that—until defendants dismissed the FMCSA case against them—defendants engaged in a course of conduct involving falsifying evidence and acts of retaliation against plaintiffs for contesting the accusations. At bottom, they contend that FMCSA's prosecution was lacking in probable cause and malicious in nature.

## DISCUSSION

The federal and state defendants move to dismiss the malicious prosecution claim, but on different grounds. The federal defendants move to dismiss for lack of subject-matter jurisdiction. The state defendants move to dismiss for failure to state a cognizable claim. The court addresses the motions in turn.

I.    The Federal Defendants' Motion to Dismiss

The federal defendants argue that this court lacks subject-matter jurisdiction over plaintiffs' claim because plaintiffs failed to exhaust their administrative remedies.

The United States is immune from suit unless it consents to be sued. Skwira v. United States, 344 F.3d 64, 72 (1st Cir. 2003). Thus, absent a waiver of sovereign immunity, "the federal courts lack subject matter jurisdiction over torts against the United States." Wood v. United States, 290 F.3d 29, 35 (1st Cir. 2002). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2680(h), is one such waiver. Soto-Cintrón v. United States, 901 F.3d 29, 33 (1st Cir. 2018). Under the FTCA,

Congress has waived sovereign immunity for certain civil "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of [an] employee of the Government while acting within the scope of his office or employment," if a private person would be so liable. § 1346(b)(1).

Before bringing an FTCA claim, plaintiffs must exhaust their administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

§ 2675(a). Specifically, plaintiffs must bring an administrative claim to the applicable agency "within two years after such claim accrues" prior to filing suit in federal court. Holloway v. United States, 845 F.3d 487, 489 (1st Cir. 2017) (quoting 28 U.S.C. § 2401(b)); Jewell v. United States, No. 11-cv-324-SM, 2011 WL 3665445, at *3 (D.N.H. Aug. 22, 2011). Failure to bring a claim "within that period forever bar[s] the claim." Holloway, 845 F.3d at 489 (internal quotation omitted).

The First Circuit has ruled that administrative exhaustion is "a non-waivable jurisdictional requirement." Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 513 (1st Cir. 2009). "This means a federal court lacks subject-matter jurisdiction over an FTCA claim if

7

it was not first presented for administrative review." Vigneau v. Pedersen, No. 18-cv-392-JL, 2019 WL 2439421, at *4 (D.N.H. Mar. 26, 2019), report and recommendation adopted, 2019 WL 2437856 (D.N.H. June 11, 2019).

Exhaustion requires more than just putting the agency on notice of a future lawsuit. Indeed, an FTCA claimant who files a written claim with the agency—but does not include a specific demand for damages in that claim—fails the exhaustion requirement. See 28 U.S.C. § 2675(b) (limiting the damages that an FTCA plaintiff can claim to the amount asserted in front of the agency). This is called the "sum certain rule." See, e.g., Holloway, 845 F.3d at 489 ("An essential element of a claim is notification of the incident via an executed SF 95 or other written document accompanied by a demand for money damages in a sum certain." (internal quotation marks omitted) (quoting 28 C.F.R. § 14.2(a)); Kokaras v. United States, 980 F.2d 20, 22 (1st Cir. 1992)).

"[L]ike other sovereign-immunity waivers, the FTCA gets a strict reading." Holloway, 845 F.2d at 489. "What that means is that judges must faithfully enforce the FTCA's requirements, neither extending the waiver beyond that which Congress intended nor assuming authority to narrow the waiver." Id. (internal quotations and brackets omitted).

With respect to the underlying substantive liability in an FTCA claim, the court applies "the law of the place where the act or omission occurred," which the parties agree is New Hampshire. § 1346(b)(1); Soto-Cintrón, 901 F.3d at 33. Under New Hampshire law, "[t]o prove a claim for malicious prosecution, the plaintiffs

must demonstrate that: (1) the plaintiffs were subjected to a criminal prosecution or civil proceeding instituted by the defendant, (2) without probable cause, (3) with malice, and (4) the prior action terminated in the plaintiffs' favor." New Eng. Backflow, Inc. v. Gagne, 172 N.H. 655, 671 (2019); accord Lath v. Oak Brook Condo. Owners' Ass'n, No. 16-CV-463-LM, 2017 WL 1051001, at *19 (D.N.H. Mar. 20, 2017).

Here, plaintiffs allege that the federal defendants—in the course of their employment—engaged in a malicious prosecution of them. Plaintiffs are, therefore, proceeding under the FTCA. See 28 U.S.C. § 1346(b). It is undisputed that, after FMCSA withdrew its Notice of Claim against Spencer Brothers, plaintiffs did not file an administrative claim with FMCSA or DOT's Office of the Inspector General alleging that the FMCSA investigation and prosecution was malicious.[5] Plaintiffs assert merely that they informed defendants "by mail" of their intent to sue after FMCSA dismissed the case.[6] See doc. no. 1 ¶ 175. In sending notice of their intent to sue, however, plaintiffs did not thereby exhaust their administrative remedies. Indeed, nowhere do plaintiffs allege that they included in any written document a demand for damages, much less one for a sum certain. See Holloway, 845 F.3d at

---

[5] FMCSA dismissed the Notice of Claim on September 9, 2021. Plaintiffs' malicious prosecution claim therefore accrued as of that date. Plaintiffs therefore had until September 9, 2023, to file an administrative claim with DOT or FMCSA. 28 U.S.C. § 2401(b) (stating two-year limitations period to present tort claims in writing to a federal agency). Plaintiffs filed the instant lawsuit on February 21, 2023.

[6] Plaintiffs did not attach (to their motion or their complaint) the document notifying defendants of their intent to sue.

490-91 (holding that the "sum certain" requirement is not met where a plaintiff filed an SF 95 with the federal agency but did not include in that form a demand for damages); LaRosa v. U.S. Postal Serv., No. 21-CV-11409-RGS, 2022 WL 392820, at *1 (D. Mass. Feb. 9, 2022) (same).

Plaintiffs argue that their litigation before FMCSA—and "extensive" oral and written communications with individual defendants—satisfy the exhaustion requirement by putting defendants on notice of their malicious prosecution claim. However, plaintiffs' prior litigation history with the federal defendants in the underlying case is insufficient to establish exhaustion.

Although the First Circuit has shown some "leniency" concerning technical compliance with the "sum certain" requirement, see, e.g., Holloway, 845 F.3d at 490-91 ("sum certain" requirement can be met where claimant includes paperwork along with the claim that permits the agency to calculate the total damages), there is no support in the law for a "history of litigation" exception to the requirement of a written FTCA claim. Cf. Kokaras, 980 F.2d at 22 (finding sum certain requirement not met despite fact that plaintiffs had engaged in unsuccessful settlement negotiations with the agency and, before filing a formal claim, had provided the agency with medical records and bills during settlement discussions). On the contrary, the First Circuit has made clear that judges must give the FTCA exhaustion requirement "a strict reading" and refuse to extend the waiver of sovereign immunity "beyond that which Congress intended." Holloway, 845 F.3d at 489 (internal quotation omitted).

Plaintiffs do not allege that they presented their malicious prosecution claim to DOT or FMCSA for administrative review and, as a result, they have failed to satisfy the FTCA's exhaustion requirement.[7] See, e.g., Santiago-Ramirez, 984 F.2d at 18 ("Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim . . . ." (emphasis added)). Because plaintiffs have not exhausted their administrative remedies, the court lacks subject-matter jurisdiction over the claim against the federal defendants. The court therefore grants the federal defendants' motion to dismiss.[8]

II.   The State Defendants' Motion to Dismiss

Plaintiffs bring the same malicious prosecution claim against the state defendants. The state defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The court has already determined that plaintiffs' claim against the federal defendants, which was the basis for the court's subject-matter

---

[7] As noted above, plaintiffs allege that they made complaints to the New Hampshire Attorney General, NHSP, and Governor Sununu. Plaintiffs also allege that William complained to the FBI, as well as FMCSA defendants Campise and Piwowarski. These complaints, however, do not qualify as administrative exhaustion. The state agencies and federal employees are not the applicable agencies for purposes of the FTCA. See 28 U.S.C. § 2675(a) (requiring that an FTCA claimant "present[] his claim to the appropriate Federal agency" (emphasis added)). Moreover, William's communications with FBI agents and with Campise and Piwowarski occurred prior to FMCSA's voluntary dismissal of its investigation into Spencer Brothers. At that point, a potential malicious prosecution claim had not accrued. See New Eng. Backflow, Inc. v. Gagne, 172 N.H. 655, 671 (2019) (stating that plaintiffs bringing a malicious prosecution claim must demonstrate that the prior case resolved in the plaintiffs' favor).

[8] Because the court dismisses the claim against the federal defendants for lack of subject-matter jurisdiction, it need not address their two other arguments: lack of proper service and the FTCA's investigative officer exemption.

11

jurisdiction, should be dismissed. At this early stage in the litigation, the court declines to exercise supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(c). See Swartz v. Sylvester, 53 F.4th 693, 703 (1st Cir. 2022); Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998). The court therefore grants the state defendants' motion to dismiss on other grounds.

## CONCLUSION

For the above reasons, the court grants the federal defendants' motion to dismiss for lack of subject-matter jurisdiction (doc. no. 19). Because the court declines to exercise supplemental jurisdiction over the remaining claim against the state defendants, the court dismisses that claim without prejudice and, therefore, grants the state defendants' motion to dismiss (doc. no. 20) on other grounds.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 16, 2024

cc:    Counsel of Record